JOHNSON, Chief Judge.
This is an appeal from a final judgment based upon a jury’s verdict in a consolidated trial of two cases arising out of the same incident.
The question on appeal is raised by the appellants in assigning error of the trial court in giving certain instructions to the jury. The quantum or merit of the evidence is not raised as an issue.
The instructions in question are:
(1) “The Plaintiff has charged that an employee of the City of Lake City negligently informed the employer of the deceased that the City had reinstalled its pipe line to a depth so as not to interfere with construction activities or be a hazard to persons operating highway construction equipment.
“If you find from the evidence that the employee of the City of Lake City did make such representation, and that such representation was false, unless you further find from the evidence that the deceased employee relied upon the representation and further that he was justified in relying upon the representation, the statement made by the City’s employee would not be actionable negligence and the City of Lake City would not be liable to the Plaintiff in that regard.”
(2) “You are further instructed that the mere fact that an accident occurs and damages sustained, taken alone without evidence, facts and circumstances, is not evidence of any kind of negligence but before the Plaintiff may recover in a case of this kind, it must be proven not only that the accident happened in which damages were sustained but it must be proven by the Plaintiff by a greater weight of the evidence that the negligence, if any of the Defendant, the City of Lake City, was the legal cause of the accident.”
(3)“I charge you further, Gentlemen of the Jury, that the City of Lake City discharged its duty to the employees of the contractor, in this case Mr. Elliott, and the S. M. Wall Company, the contractor, if you find that the City, its agents, servants or employees, made known to the contractor the location and depth of the gas line. There was no duty imposed on the City of Lake City to advise the contractor of the location and depth of the line if the" contractor was already aware of the location and depth before or at the time of the accident.”
We have carefully studied the record and gave particular attention to the testimony offered with respect to notice that the gas main line was where it was and the depth thereof. Also, we note the conflict in the evidence as to the notification or knowledge of contractor, the employer of the deceased, and to what extent the City representatives gave notice.
After a full review of this evidence, we believe, and so hold, that each of the instructions charged as error, were not erroneous when applied to the particular facts in evidence in this case. It appears that at one point of time, at least, the deceased’s employer was advised of the necessity for lowering utility lines — also, that only a short period of time prior to the accident, a few weeks, while working on another phase of the same project, the gas line in question had been exposed to the employees of the contractor employer of the deceased, although at that time the deceased was not on that job.
There is no evidence that the deceased knew of the location of the subject gas *163 line, but his fellow employees knew of it, or at least some of them did.
These conflicts in the evidence were rather acute at times, but constituted jury questions, resolved against the plaintiffs, appellants, and we do not feel that the instructions were such as to mislead the jury in a proper application of the law to the facts of the case. We will not substitute our judgment for that of the jury.
For these reasons, the judgments appealed from are affirmed.
SPECTOR, J., concurs.
WIGGINTON, J. dissents.